IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT MARTINSBURG

MICHAEL E. COOPER,
    Petitioner,

v.                                                                                                               Civil Action No. 1:04cv260
                                                                                                               (Judge Broadwater)

DOMINIC A. GUTIERREZ,
    Respondent.


**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this day the above styled matter came before the Court for consideration of the Report and Recommendation of Magistrate Judge John S. Kaull, dated June 1, 2005. On June 9, 2005, Petitioner filed objections to the Magistrate's Report and Recommendation (Document 12 1-5). In accordance with 28 U.S.C. § 636(b)(1) the Court conducts a *de novo* review.

Petitioner raises two specific objections: 1) that the December 2000 Bureau of Prisons (BOP) rule should be invalid because it was the finalized version of an invalid interim regulation; and 2) the BOP is exceeding its statutory authority by denying early release to prisoners who were convicted of offenses that are not classified as "violent offenses."

The Court finds that the first objection is without merit. Petitioner's eligibility for early release was determined pursuant to 65 Fed. Reg. 80745, the BOP regulation finalized on December 22, 2000. The December 2000 rule was properly finalized before it was applied to the petitioner's case on January 10, 2003. Petitioner was not subject to any procedural defects that may have made the 1997 interim rule (28 C.F.R. § 550.58(a)(1)(vi)(B) (1997)) invalid under the Administrative Procedures Act. See, Miller v. Gallegos, 125 Fed. Appx. 934, 936 (10th Cir. 2005); Magistrate's Report and Recommendation, at 7.

1

In his second argument, the Petitioner claims that the Government exceeded its statutory authority by denying him early release because his crime of conviction involved possession of a weapon.  18 U.S.C. §3621(e)(2)(B), provides that, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program <u>may</u> be reduced by the Bureau of Prisons . . . ," (emphasis added).  The decision on petitioner's early release was reached under the December 2000 rule, which does not rely upon a "crime of violence" definition, but is permitted by the discretion given to the BOP under the statute.  The December 2000 rule stating the BOP's discretionary policy was affirmed by the Supreme Court in <u>Lopez v. Davis</u>, 531 U.S. 230, 240 (U.S. 2001).

Subsequent to the issuance of the Magistrate's Report and Recommendation, petitioner entered a late filing styled as a Motion to Add Additional Authority and for Judicial Notice of Adjudicative Facts, under Fed Rules Evid R 201 (Document 13).  In this filing the petitioner alleges additional facts and cites a case from the District of Oregon that was decided after the Magistrate issued his Report and Recommendation.

The court considered the additional authority cited by petitioner and found that the persuasive authority offered does not alter the disposition of this case.  The petitioner cites case law that is in conflict with Fourth Circuit precedent.  Furthermore, the court does not take judicial notice of any new facts put forth by the petitioner because the alleged facts regarding the timing of petitioner's request to enter the BOP drug rehabilitation program are subject to reasonable dispute.  However, the court notes that if it were to accept the newly claimed facts as true, viewing the allegations in a light most favorable to the petitioner would not alter the outcome in this case.

The late filing is styled in part as a Motion to Add Additional Authority. Specifically, the petitioner cites <u>Wade v. Daniels</u>, 373 F. Supp. 2d 1201 (D. Or. 2005). In <u>Wade v. Daniels</u>, Conrell Wade filed a writ of habeas corpus challenging a BOP decision finding he was ineligible for early release after successful completion of a residential drug rehabilitation program. The district court granted Wade's petition and ordered the BOP to deem petitioner eligible for the early release program.

In 1998 Wade asked to apply for the BOP's residential substance abuse program. Wade was erroneously told by BOP officials that he was not eligible to apply to the program and should wait until he was closer to release. Wade's application was later evaluated by the BOP under the December 2000 rule and he was denied early release. <u>Id</u> at 1202.

The court reasoned that petitioner should have been evaluated for early release at the time of his informal request. In July of 1998, when the informal request was made, the BOP was evaluating applications for early release with its 1997 rule. The Ninth Circuit Court of Appeals found the 1997 rule violates the Administrative Procedures Act. <u>Paulsen v. Daniels</u>, 413 F.3d 999, 1002 (9th Cir. 2005). The district court went on to reason that since Wade was evaluated with the rule that was invalid due to improper notice and comment, he should have been evaluated under the last valid rule, 28 C.F.R. § 550.58 (1995), or the 1995 rule. The Oregon District Court was then bound to apply the Ninth Circuit decision in <u>Downey v. Crabtree</u>, evaluating the 1995 rule. <u>Downey v. Crabtree</u>, 100 F.3d 662, 668 (9th Cir. 1996).

In <u>Downey</u>, the Ninth Circuit found that the 1995 rule was invalid. <u>Id</u>. Specifically, the Ninth Circuit indicated that the BOP rule making was flawed, because the BOP equated "conviction" with sentencing factors:

> The relevant statute speaks clearly and unambiguously. The operative word of § 3621(e)(2)(B) is "convicted." Downey was convicted of a drug-trafficking offense, which is not a crime of violence. Section 3621(e)(2)(B) addresses the act of convicting, not sentencing or sentence-enhancement factors. The Bureau erred by conflating the guilt-determination (conviction) and sentencing processes. The result is a Bureau interpretation that runs counter to the Sentencing Commission's formulation of a "non-violent offense" and judicial endorsement of that formulation.

Downey, 100 F.3d at 668. The court then followed, Bohner v. Daniels, finding the 2000 rule could not be applied retroactively, and ordered the BOP to designate Wade as eligible for early release. Bohner v. Daniels, 243 F. Supp. 2d 1171 (D. Or. 2003).

In the present case, Mr. Cooper alleges similar circumstances. Cooper claims that he asked BOP officials if he could apply to the resident drug treatment program in June of 1996. In June of 1996 the BOP was evaluating applications for early release under the resident drug treatment program according to the 1995 rule. In Pelissero v. Thompson, the Fourth Circuit Court of Appeals held that the 1995 rule was an interpretive rule that did not violate the APA. Pelissero v. Thompson, 170 F.3d 442, 447 (4th Cir. 1999). Furthermore, the discretionary policy's interpretation of the statute was affirmed by the Fourth Circuit. Id.

The Fourth Circuit's Pelissero decision is part of a recognized split among the Circuit Courts, however, it is the controlling law in this jurisdiction. In accord with Pelissero, the Bureau is exercising the discretion of the Bureau of Prisons when interpreting the law. Under the 1995 rule, sentencing factors are being considered in the exercise of discretion, in a fashion similar to the way the Judiciary applies its discretion at sentencing. See, United States v. Booker, 543 U.S. 220 (2005), and United States v. Hughes, 396 F.3d 374 (4th Cir. 2005). The rules and policies of the Bureau are properly uniform and the decision makers vested with

4

discretionary power in the BOP properly considered sentencing factors in devising the 1995 rule. Pelissero,170 F.3d at 447.

In sum, petitioner cites case law conflicting with Fourth Circuit precedent. Despite an effort to construe the submission liberally, the Oregon District Court's reasoning does not alter the court's view when applied to the decisions of the Fourth Circuit Court of Appeals.

Therefore, the Court **DENIES** petitioner's Motion for Judicial Notice. The Court further concludes that the Magistrate Judge's Report and Recommendation should be and is hereby **ORDERED** adopted. Additionally, the Court **ORDERS** that the respondent's motion to dismiss be **GRANTED** and that the petitioner's §2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE** based on the reasons set forth above and in the Magistrate Judge's Report and Recommendation.

It is further **ORDERED** that this action be and is hereby **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit true copies of this Order to the petitioner and all counsel of record herein.

**DATED** this **13th** day of December 2005.

*/s/ W. Craig Broadwater*
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE